71647. STRUBE v. THE STATE.
(339 SE2d 794)

BANKE, Chief Judge.

In this appeal from his convictions of driving under the influence and improper lane usage, the appellant contends that his trial was "basically unfair" because the trial court failed to hold an evidentiary hearing on his ability to afford legal counsel and on his mental competency.

The transcript reveals that, prior to the commencement of the trial, the court did in fact make inquiry concerning the appellant's eligibility for court-appointed defense counsel and that the appellant responded by saying that he was not indigent and that both he and his wife were earning about $2,000 per month. The appellant also acknowledged that, in a previous hearing in the case, he had been advised by the court to obtain counsel to represent him at trial. *Held*:

1. It is quite clear from the transcript that the appellant had ample opportunity to secure an attorney to represent him and that he was not eligible for court-appointed counsel. Consequently, the appellant's first enumeration of error presents no ground for reversal.

2. The appellant cites *Drope v. Missouri*, 420 U. S. 162 (95 SC 896, 43 LE2d 103) (1975), for the proposition that the trial court is required to order a psychiatric examination whenever a question arises regarding a defendant's competency to stand trial. In *Drope*, the defendant, who had been indicted with two others for the forcible rape of his wife, shot himself in a suicide attempt on the second day of the trial. Such conduct was held sufficient to require the trial court to conduct an inquiry into the defendant's mental competency. In the case before us, the appellant asserts that his competency was drawn into question by his testimony that his erratic conduct on the night he was arrested was caused by epilepsy. Clearly, this provided no basis for questioning his mental competency to stand trial.

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED JANUARY 22, 1986.

*John Matteson*, for appellant.
*James L. Webb, Solicitor, Richard Edwards, Assistant Solicitor,* for appellee.